Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 990 | **DATE** | 5/8/2003 |
| **CASE TITLE** | Mitutoyo Corporation, et al. vs. Central Purchasing, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of Guilin Guangla Measuring Instruments Co., Ltd. for limited intervention and to stay this action [10-1] is denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 1 2 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/8/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

MITUTOYO CORPORATION, MITUTOYO )
AMERICA CORPORATION, and C.E. )
JOHANSSON AB, )
)
Plaintiffs, )
)
vs. ) No. 03 C 0990
) Judge Joan H. Lefkow
CENTRAL PURCHASING, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Mitutoyo Corporation ("Mitutoyo"), Mitutoyo America Corporation ("MAC") and C.E. Johansson AB ("CEJ") (collectively "Mitutoyo Plaintiffs"), filed suit against defendant, Central Purchasing, Inc., ("Central Purchasing"), alleging patent infringement and breach of contract based on Central Purchasing's sale of certain electronic digital calipers ("Calipers") manufactured by a company named Guilin Guanglu Measuring Instruments Co., Ltd. ("Guilin"). The Calipers allegedly infringe United States Patent No. 4,743,902 (the "'902 patent") owned by CEJ and licensed to Mitutoyo.[1] Following institution of this action and the Mitutoyo Plaintiffs' motion for summary judgment, Guilin filed an action for a declaratory judgment in the United States District Court for the District of Columbia against Mitutoyo and CEJ seeking to have the '902 patent declared invalid and unenforceable. Guilin now moves in the instant case to intervene for the limited purpose of staying the claims the Mitutoyo Plaintiffs assert against Central Purchasing. As stated below, the motion is denied without prejudice.

---

[1] MAC is the exclusive United States distributor of measuring devices manufactured by Mitutoyo under its license with CEJ concerning the '902 patent.

## DISCUSSION

The Mitutoyo Plaintiffs accuse Central Purchasing of infringing the '902 patent based on Central Purchasing's sales of "Calipers" manufactured by Guilin. The Mitutoyo Plaintiffs also accuse Central Purchasing of breaching a contract whereby Central Purchasing allegedly agreed not to import or market any Caliper that would infringe Mitutoyo's rights in the '902 patent. In support of their motion for summary judgment, the Mitutoyo Plaintiffs rely on a judgment entered by the United States District Court for the District of Columbia on November 25, 1997 declaring the '902 patent valid. In that case, Central Purchasing instituted a suit against Mitutoyo and CEJ in the United States District Court for the Central District of California seeking a declaratory judgment of invalidity and unenforceability of the '902 patent (*Central Purchasing v. Mitutoyo Corp. and C.E. Johannson AB*, No. 95-2014 (D. D.C.) (the "Prior Action"). The case was transferred from the Central District of California to the District of Columbia District Court. As relevant for purposes of this case, the District of Columbia District Court granted Mitutoyo and CEJ's motion for summary judgment on the question of the '902 patent's validity, while Central Purchasing's claim that the patent was unenforceable was voluntarily dismissed. Central Purchasing appealed the grant of summary judgment to the Court of Appeals for the Federal Circuit. After the appellate briefs were filed, Central Purchasing voluntarily withdrew the appeal in exchange for CEJ and Mitutoyo forgiving the Bill of Costs at the District Court.

The Mitutoyo Plaintiffs instituted the instant action on February 10, 2003, claiming that all of the issues relating to the validity and enforceability of the '902 patent were determined in the Prior Action. On March 4, 2003, Guilin, in order to protect its business and its customers, commenced an action in the District of Columbia District Court against Mitutoyo and CEJ

2

seeking a judgment declaring that (1) the '902 patent is invalid and unenforceable and (2) the Caliper does not infringe the '902 patent (case # 03-0605). Guilin now seeks to intervene in this case for the limited purpose of staying this action pending resolution of the District of Columbia District Court case.

Starting with the issue of intervention, which is not disputed, Guilin proceeds based on Rule 24(b)(2), Fed. R. Civ. P., which allows for permissive intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." Guilin believes that it meets this requirement because the claims it seeks to stay are the basis of the pending action in the District Court of the District of Columbia. The court agrees and allows Guilin to intervene only for the limited purpose of moving to stay the claims in the instant action.

According to Guilin, a stay is appropriate in this case based on the "customer suit" exception to the general rule that "the suit filed first is accorded priority in adjudication." *Whelen Techs., Inc. v. Mill Specialties*, 741 F. Supp. 715, 715 (N.D. Ill. 1990), citing *Gluckin Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969). The "customer suit" exception allows a court, with an eye toward judicial economy, to exercise its discretion to stay a patent infringement action "where the first action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself." *Id.*, citing *Gluckin*, 407 F.2d at 178; *see also, Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977) ("a manufacturer's declaratory judgment action, in its home forum, at least if brought no later than promptly after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued."). Such a stay is premised on the view that a manufacturer is, in fact, the real party in interest and has a "greater interest in

3

defending its actions against charges of patent infringement." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989); *Codex*, 553 F.2d at 737-38; *A.P.T., Inc. v. Quad Envtl. Techs. Corp., Inc.*, 698 F. Supp. 718, 721 (N.D. Ill. 1988). Factors a court may consider in determining if a stay is appropriate include whether all issues regarding the customers will be resolved by the second suit, whether the customers have agreed to be bound by the results of the second suit, including liability for damages, whether the patentee has a separate interest in litigating against the customer, and if the interests of judicial economy will be served. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990); *Kahn*, 889 F.3d at 1081; *Mitsubishi Elec. Corp. v. IMS Tech., Inc.*, 1996 U.S. Dist. Lexis 12239, at *7 (N.D. Ill. Aug. 21, 1996); *American Acad. of Science v. Novell Inc.*, 24 U.S.P.Q. 2d 1386, 1388 (N.D. Cal. 1992).

Guilin argues that the "customer suit" exception should be applied here because Guilin serves as the manufacturer of the Caliper while Central Purchasing is only the customer. Guilin states that little prejudice will result from the imposition of a stay because both actions are in their early stages, and the District of Columbia action would simplify the issues raised in this case, and have a broader effect against all of Guilin's customers. Moreover, Guilin asserts that the issues to be decided in the pending District of Columbia action will be dispositive of the issues in this case, but not vice versa. In support, Guilin notes that a final judgment of non-infringement with respect to a product bars the patentee from asserting an infringement action against the purchasers of that product, *e.g.*, *Kessler v. Eldred*, 206 U.S. 285, 288-90 (1907), while, conversely, the Mitutoyo Plaintiffs' plan to rely on the binding effect of the Prior Action would have no consequences for Guilin even if the Mitutoyo Plaintiffs prevail. Finally, Guilin states that because it is contractually obligated to indemnify its customers such as Central

4

Purchasing for damages awarded based on any purported infringement, it should have the opportunity to resolve all of the claims in one forum. Guilin asserts that this is particularly necessary in this case where a risk of inconsistent judgments exists because the issues to be decided on the Mitutoyo Plaintiffs' motion for summary judgment will not resolve all of the issues in the District of Columbia action.

In opposing Guilin's motion to stay, the Mitutoyo Plaintiffs characterize Guilin as "only one of many generic Chinese copiers/infringers" and argue that Central Purchasing is the real party in interest. According to the Mitutoyo Plaintiffs, even if Guilin is enjoined in the District of Columbia case, Central Purchasing can just switch to another Chinese supplier of the infringing products, which it has done in the past. Moreover, the Mitutoyo Plaintiffs argue that the interests of justice and judicial economy are not served because this court can more efficiently and effectively resolve this controversy through the pending summary judgment motion. The Mitutoyo Plaintiffs claim that in the Prior Action, the court, a Special Master and the parties spent four years on validity and enforceability issues and that these issues were resolved on the merits in favor of Mitutoyo and CEJ and against Central Purchasing. The Mitutoyo Plaintiffs assert that they have a separate interest in litigating against Central Purchasing in that their summary judgment motion will not be resolved in the District of Columbia case; thus, there is no judicial economy but instead undue delay and prejudice, further confounded by the fact that the patent in question expires in January 2005. The Mitutoyo Plaintiffs claim that resolution of this case other than by summary judgment in this court will not be completed until after the patent expires, causing prejudice to the Mitutoyo Plaintiffs.

5

On the one hand, it is clear that Central Purchasing has agreed to be bound by the judgment of the District of Columbia action, thereby alleviating fears that it will simply switch to another manufacturer if that judgment is adverse to it. While the Mitutoyo Plaintiffs complain that Central Purchasing has not agreed to be bound by any damage assessment, if liability were established this issue would likely be settled or, if not, could go forward in this court.

Furthermore, at first glance this is not the typical situation in which separate issues concern the customer that will not be resolved by the second suit. Such situations are usually present when (1) the infringement involves method or process patents where the potential exists that the manufacturer's product can be found to be non-infringing but the customer's use of the product is deemed to be infringing; (2) the customer is charged with direct infringement while the manufacturer is only charged with contributory infringement or inducement; or (3) cases where the customer is charged with infringements beyond those involving the manufacturer's product. *E.g.*, *Mitsubishi Corp.*, 1996 U.S. Dist. Lexis 12239, at *8-*9; *Quad Envtl.*, 698 F. Supp. at 722; *American Acad.*, 24 U.S.P.Q. 2d at 1388. Finally, Guilin presents legitimate concerns about the relationship between its contractual indemnification responsibilities and the '902 patent being litigated in two different districts, with the heightened risk of conflicting judgments due to the pending summary judgment motion.

At the same time, since application of the "customer suit" exception is within the discretion of the court, enough questions exist in this case to persuade the court not to impose a stay at this stage in the litigation. The court agrees with Guilin that the District of Columbia action would most likely resolve all the issues in this case because, if the '902 patent were found to be invalid and/or unenforceable, the issues of estoppel would be rendered irrelevant.

6

Additionally, if the '902 patent were found valid and enforceable in the District of Columbia action, the issue of estoppel would be once against rendered irrelevant because Central Purchasing has agreed to be bound by any such decision. As the Mitutoyo Plaintiffs point out, however, resolving this case through estoppel theories has the advantage of expeditiousness, which is important given the relatively short time period remaining before expiration of the patent.

While Guilin argues that the Mitutoyo Plaintiffs have brought some of this delay on themselves because they found out about Central Purchasing's sales of Calipers in July 2002 but did not bring suit until February 2003, the Mitutoyo Plaintiffs explain that they delayed in order to attempt to resolve this case short of litigation. Of course, the flipside of this argument does not look favorably on Guilin. Guilin had to be aware of the communications concerning possible infringement being exchanged between Central Purchasing and the Mitutoyo Plaintiffs before suit was filed. If Central Purchasing was such a valued customer, Guilin could have filed an action seeking a declaratory judgment in the District of Columbia before the Mitutoyo Plaintiffs filed here. Moreover, even after the instant suit was filed, Guilin certainly could have sought leave to intervene and assert claims against the Mitutoyo Plaintiffs. This would have alleviated any and all fears Guilin expresses about possible conflicting judgments. Guilin asserts that suit was filed in the District of Columbia District Court because that was the only district in which it was sure personal jurisdiction could be obtained over CEJ. Viewed in light of the fact that all of the Mitutoyo Plaintiffs (including CEJ) consented to this court's jurisdiction when they filed suit here, however, any argument to this effect is specious.

Significantly, the Prior Action the Mitutoyo Plaintiffs rely on in moving for summary judgment was a declaratory action brought by *Central Purchasing* against Mitutoyo and CEJ and did not relate to Guilin. The fact that Central Purchasing, even though only a customer, has previously instituted litigation on this patent and may be bound by the results would certainly appear to be a legitimate separate interest the Mitutoyo Plaintiffs have in litigating against the customer. This fact, combined with other issues listed above, at the very least creates an inference that Central Purchasing's presence in any suit poses problems for Guilin. Insofar as both Guilin and the Mitutoyo Plaintiffs argue the merits of the summary judgment motion in their briefs on the motion to stay, the court believes the best course is to proceed to decide the summary judgment motion in a timely manner.

If, as Guilin asserts, Central Purchasing believes the patent was invalid or unenforceable on grounds that fall outside of any estoppel theories, then Guilin may renew its motion. Moreover, if, as the Mitutoyo Plaintiffs assert, the Prior Action resolves the issues of validity and enforceability, this case can be dealt with in a timely fashion.

## CONCLUSION

For the reasons stated above, Guilin's motion for limited intervention and to stay this action is denied without prejudice [#10].

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 8, 2003

8