Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 990 | **DATE** | 3/30/2004 |
| **CASE TITLE** | Mitutoyo vs. Central Purchasing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion for summary judgment is granted. The defendant's motion for bifurcation is denied. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MITUTOYO CORPORATION, )
MITUTOYO AMERICA CORP. and )
C.E. JOHANSSON AB, )
)
        Plaintiffs, )
)
v. ) No. 03 C 0990
)
CENTRAL PURCHASING, INC., )
)
        Defendant. )

DOCKETED
MAR 3 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Plaintiff Mitutoyo Corporation's, Mitutoyo America Corporation's, and C.E. Johansson AB's (collectively referred to as "Mitutoyo") motion for summary judgment as to the validity and enforceability of U.S. patent No. 4,743,902 ("902 patent"). Also before the court is Defendant Central Purchasing, Inc.'s ("Central") motion for bifurcation. For the reasons stated below we grant the motion for summary judgment and deny the motion for bifurcation.

## BACKGROUND

Central filed a complaint for declaratory judgment of patent invalidity and unenforceability against Mitutoyo on or about March 29, 1995 in the United States District Court for the Central District of California ("California suit"). The first amended complaint in that case asserted that the 902 patent was invalid and unenforceable. The action was transferred to the United States District Court for the District of Columbia. The court granted Mitutoyo's motion for summary judgment on several claims and dismissed the remaining claims with prejudice. Central appealed the trial court's rulings, but Central voluntarily withdrew the appeal. Central continues to assert in the instant action that the 902 patent is invalid and unenforceable and Mitutoyo has filed a motion for summary judgment asking this court to preclude Central from asserting that the 902 patent is invalid and unenforceable under the doctrine of res judicata. Central has also filed a motion for bifurcation.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

2

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Motion for Summary Judgment- Validity of Patent

Mitutoyo argues that it is entitled to summary judgment and Central should

be precluded as a matter of law from contesting the validity and enforceability of the 902 patent. In a patent infringement case a district court applying the doctrine of res judicata applies its own Circuit's law regarding the doctrine. *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576 (Fed. Cir. 1989). The elements for res judicata are: 1) final judgment, 2) identity of the cause of action, and 3) identities of parties or privies in the suits. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994); *see also Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1083-84 (7th Cir. 1979)(stating that res judicata is an "absolute bar" to "every matter offered and received to sustain or defeat the claim or demand and to every matter which might have been received for that purpose . . ." and that for res judicata purposes a cause of action includes defenses "that might have been raised.").

Central attempts to confuse the pertinent issues by arguing that there is insufficient evidence for the court to conclude as a matter of law that the devices at issue in the California suit are the same as the devices in the instant suit. Central cites several cases which are distinguishable from the instant set of facts because in all of those cases infringement was an issue at dispute in the earlier cases, thus making the devices' similarity relevant. Central does not dispute that there was no counterclaim of infringement in the California suit. The California suit was not concerned with infringement. Rather the suit was brought by Central seeking to declare the 902 patent invalid and unenforceable. We find that res judicata is applicable in the instant case and therefore grant Mitutoyo's motion for summary

4

judgment and order that Central is precluded from asserting in this action that the 902 patent is invalid and unenforceable under the doctrine of res judicata. Central had its opportunity to litigate this issue in the California suit and the District of Columbia court made a final ruling, and Central is not entitled to another bite at the pear before this court.

II. Motion to Bifurcate

Central has filed a motion to bifurcate the discovery of and trial on issues of infringement, invalidity and patent misuse from the discovery of and trial on the issues of damages and willfulness. Pursuant to Federal Rule of Civil Procedure 42 a court "may" bifurcate issues and order separate trials if it will further "convenience," "avoid prejudice," or "when separate trials will be conducive to expedition and economy. . . ." Fed. R. Civ. P. 42 (b). Central argues that bifurcation of the issues will help to avoid jury confusion and will limit prejudice. Mitutoyo opposes the bifurcation and we agree that the liability, damages, and willful infringement evidence is intertwined to the extent that mainly the same evidence and witnesses would be presented at two different trials were we to grant the motion for bifurcation. We do not find that a bifurcation of issues would serve any of the purposes listed in Rule 42 and the interests of the efficient functioning of the court system will be served absent a bifurcation. We also agree that Central's attempt at bifurcating discovery at this late stage of the proceedings is untimely. Therefore, we

5

deny the motion for bifurcation.

## CONCLUSION

Based on the foregoing analysis we grant Mitutoyo's motion for summary judgment and order that Central is precluded from asserting in this action that the 902 patent is invalid and unenforceable. We also deny Central's motion for bifurcation.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2004